**Dzevat RECI, Fadile Reci, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 05–5368–ag(L), 05–5370(Con).

United States Court of Appeals, Second Circuit.

May 24, 2006.

Charles Christophe, Christophe & Associates, New York, New York, for Petitioner.

Gregory R. Miller, United States Attorney for the Northern District of Florida, E. Bryan Wilson, Assistant United States Attorney, Tallahassee, Florida, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

**50**

## SUMMARY ORDER

Dzevat and Fadile Reci, though counsel, petition for review of the BIA decision affirming Immigration Judge ("IJ") Michael Straus' decision denying Dzevat's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158–59 (2d Cir.2004). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Substantial evidence supports the IJ's determination that Dzevat did not have a well-founded fear of persecution in Macedonia in light of current conditions. The 2003 State Department report indicated that the 2001 ethnic Albanian insurgency had ended and that the Macedonian government had granted amnesty to those who, like Dzevat, had been accused of providing financial support to the insurgents. Additionally, abuses against the Albanian population had decreased significantly, and the government had granted them many of the rights they had been demanding. Finally, Dzevat undermined his own claim of fear by testifying that he returned once to Macedonia after his initial flight to the United States. A reasonable fact-finder would not be compelled to conclude that Dzevat demonstrated a well-founded fear, or a clear probability, of persecution. *See INS v. Elias–Zacarias,* 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Moreover, because his CAT claim rested on the same facts as his asylum claim, he failed to demonstrate that he was more likely than not to be tortured in Macedonia. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522–23 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).